United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51103
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO QUEVADO-HERNANDEZ,

Defendant-Appellant.

c/w No. 05-51106
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO QUEVADO-HERNANDEZ, also known as Francisco
Quevedo-Hernandez, also known as Francisco Hernandez, also
known as Jorge Alberto Hernandez,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-74
USDC No. 1:96-CR-153-ALL
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

---

*  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Francisco Quevado-Hernandez appeals his conviction and sentence for reentry of a deported alien, in violation of 8 U.S.C. § 1326. He also appeals an order revoking a term of supervised release that was imposed in connection with a prior conviction and imposing a term of imprisonment. Quevado argues that his sentence of 120 months of imprisonment for his illegal reentry offense, which included an upward departure, was unreasonable as measured by 18 U.S.C. § 3553(a). He also argues that the sentencing provisions of 8 U.S.C. § 1326(b) are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).

The district court considered Quevado's history, which is a valid consideration under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3553(a)(1). Quevado's use of multiple names and birth dates, coupled with his criminal history, indicated a general disrespect for the law. His criminal history indicated that a lesser sentence would not have a deterrent effect. These are also valid considerations under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3553(a)(2)(A) and (B). Quevado's sentence is appropriate under the Guidelines and is not unreasonable as measured by 18 U.S.C. § 3553(a). Quevado's arguments thus do not provide a basis for reversal. Quevado's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Quevado contends that Almendarez-Torres was incorrectly decided and that a majority of

the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Quevado properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of conviction is AFFIRMED. As Quevado offers no specific argument challenging the sentence imposed upon revocation, the order revoking Quevado's supervised release and imposing a term of imprisonment is also AFFIRMED.